|  |  |  |
|---|---|---|
| DISTRICT COURT OF THE VIRGIN ISLANDS<br><br>DIVISION OF ST. CROIX | | |
| VALDERIE C. ABRAMSEN,<br>MICHAEL AUSTRIE, CYNTHIA BATTISTE,<br>JACQUELINE M. BLYDEN,<br>KOFI BOATENG, ROSALIND BROWNE,<br>CLARICE CLARKE, SARAH DAHL-SMITH,<br>KENNETH A. O. DAVIS,<br>HELEN N. DOOKHAN,<br>KWAME N. GARCIA, ALBION GEORGE,<br>CLINTON GEORGE, MIRIAM F. GREENE,<br>ALICE V. HENRY, ZORAIDA E. JACOBS,<br>EVANNIE E. JEREMIAH, SUE LAKOS,<br>RANDALL MACEDON,<br>BLANCHE K. MILLS, DALE R. MORTON,<br>ORPHA C. PENN,<br>LOUIS E. PETERSEN, PhD,<br>JOSEPHINE PETERSEN-SPRINGER,<br>YVONNE PHILLIPS, CARLOS ROBLES,<br>TONI A. THOMAS, JILLEAN WEBSTER,<br>CARMEN WESSELHOFT,<br><br>                 Plaintiffs,<br>   v.<br><br>TOM VILSACK IN HIS OFFICIAL<br>CAPACITY AS SECRETARY OF<br>AGRICULTURE OF THE UNITED STATES<br>OF AMERICAN AND HIS SUCCESSORS<br>IN SUCH OFFICE, THE UNITED<br>STATES DEPARTMENT OF<br>AGRICULTURE, and UNIVERSITY<br>OF THE VIRGIN ISLANDS,<br><br>                 Defendants. | | 1:07-cv-31 |

**TO:** Warren B. Cole, Esq.
Angela P. Tyson-Floyd, Esq., AUSA

## ORDER REGARDING PLAINTIFFS' MOTION FOR CONSOLIDATION

THIS MATTER came before the Court upon Plaintiffs' Motion for Consolidation (Docket No. 145). The time for response has expired.

Plaintiffs seek to consolidate this action with *Callwood v. United States Department of Agriculture*, No. 1:09-cv-101 (D.V.I. filed Dec. 23, 2009), on the basis that both cases raise the same allegations.

## DISCUSSION

The applicable Rule of Civil Procedure governing consolidation is Rule 42(a), which states in relevant part: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Rule 42(a) provides for consolidation when actions pending in the same court which "involve a common question of law or fact." *Richardson v. Virgin Islands Housing Authority*, 18 V.I. 351, 357 (D.V.I. 1981). Consolidation is "permitted as a matter of convenience and

economy in administration, but it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). The moving party bears the burden of proof on a motion to consolidate. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005) (internal citations omitted). District courts have broad discretion in deciding motions to consolidate. *Borough of Olyphant*, 153 F. App'x at 82 (citing *Farahmand v. Rumsfeld*, No. 02-1236, 2002 U.S. Dist. LEXIS 22473, at *1 (E.D. Pa. Nov. 20, 2002)).

The factors the Court considers in deciding a motion to consolidate are: (1) is the common issue the principle issue, (2) will consolidation cause delay in one of the cases, and (3) will consolidation "lead to confusion or prejudice in the trial of a case"? *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *4 (internal citations omitted). If the evidence in one case is not relevant to the issues in the other, the unrelated evidence would create confusion by consolidating the two cases. *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *5 (internal citations omitted). An example of delay in a case would be discovery being further along in one case than the other. *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *5 (internal citations omitted).

Plaintiffs argue that the case at bar and *Callwood* are identical cases. The second case was filed simply because the plaintiffs in *Callwood* had not contacted Plaintiffs in this matter prior to the filing of this case. This case already has advanced through some discovery

including depositions. Due to said discovery and with the leave of this Court, Plaintiffs have filed a second amended complaint (Docket No. 140). The complaint in *Callwood* is distinctly similar to Plaintiffs' second amended complaint, including the facts and allegations. As such, the discovery that has occurred in the present action would not be seen as prejudicial to any of the parties if these two actions were consolidated.

As a matter of convenience and economy, it is apparent that had the plaintiffs in *Callwood* been aware of the present proceeding, they would have joined in said proceeding as plaintiffs. In addition, the attorneys representing the plaintiffs and defendants (with the exception of the University of the Virgin Islands which is not a defendant in the *Callwood* action) are the same. As such, it appears logical that this Court consolidate these two matters, except that Defendant, University of the Virgin Islands remains a defendant only as to the plaintiffs in *Abramsen v. Vilsack*.

Finally, consolidation will not lead to confusion or prejudice in the trial of this case since the questions of law and fact are the same and the counsel for both groups of plaintiffs and the primary defendants are the same. In fact, consolidation would simplify matters greatly as to avoid duplication of evidence and wasting the Court's and all the parties' time and resources.

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED** that Plaintiffs' Motion for Consolidation (Docket No. 145) is **GRANTED**.

ENTER:

Dated: June 14, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE