IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| VALDERIE C. ABRAMSEN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TOM VILSACK, IN HIS | : | |
| OFFICIAL CAPACITY AS | : | |
| SECRETARY OF AGRICULTURE | : | |
| OF THE UNITED STATES OF | : | |
| AMERICA, et al. | : | NO. 07-31 |

MEMORANDUM

Bartle, J.                                                November 1, 2011

Plaintiffs bring this action for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Before the court is the motion of defendant the Secretary of the United States Department of Agriculture (the "USDA") for leave to amend his answer to file a cross-claim against the defendant the University of the Virgin Islands (the "University").

All plaintiffs are current or former employees of the University who allegedly were eligible for a dual appointment program under which they would have received federal employment benefits. Plaintiffs assert that defendant the USDA or its agent failed to inform them of their right to dual appointment or consider them for that program due to their race. After briefing, we held oral argument on the motion of the USDA for leave to amend its answer to file a cross-claim for contribution against the University.

Even if the University could be liable under Title VII for racial discrimination, plaintiffs have not sued it. In the Second Amended Complaint, plaintiffs state that they "make no allegations of wrongdoing against the University of the Virgin Islands and seek no monetary or equitable relief against the University of the Virgin Islands."

The Supreme Court's decision in <u>Northwest Airlines, Inc. v. Transport Workers Union of America</u> controls. 451 U.S. 77 (1981). There, plaintiffs sued their employer for gender discrimination. <u>Id.</u> at 80-81. After being held liable, the employer sued the employee's union for contribution on the ground that the collective bargaining agreement authorized lower payment for women than men. <u>Id.</u> at 82. The Supreme Court assumed that the union could have been held liable on the Title VII claim and that all elements of a typical contribution claim had been met. <u>Id.</u> at 89-90. Nonetheless, it held that there is no right to contribution under Title VII under the circumstances. <u>Id.</u> at 98-99.

As in <u>Northwest Airlines</u>, plaintiffs have not sued the University for unlawful discrimination. Thus, the USDA may not seek contribution from the University even if judgment is entered in favor of plaintiffs and against the USDA.

Accordingly, the motion of the defendant the USDA to amend its answer to add a cross-claim for contribution against the University will be denied.